Good morning. May it please the Court. My name is Pat Barrera, and I'm proud to represent the appellant, Lauro Gonzalez Moreno. This is an appeal from an order granting a motion to dismiss based on form nonconvenience, and there are three issues I'd like to discuss with you this morning. The first issue I think would be of great help to the panel is to give us an update on what's going on in the Mexican proceeding. My client appealed the dismissal in Mexico and was successful there. The appeals seemed to go a little bit faster there, and so he has his case back in Mexico. The proceeding there is a statutory claim. There is some overlap, but it is against different defendants than the defendant who is in this case and the respondent who is in this case. It's a statutory claim where he's seeking severance under the equivalent of our labor code. That case is proceeding. He has that case back. What happened on January 26th? I'm not exactly sure, but I know there's a proceeding tomorrow with respect to Omnilife still challenging service issues, May 10th. But the case is restored in Mexico? It is restored in Mexico. There are still challenges with respect to service. There's also a big difference with respect to the fact here my client was months away from a jury trial when this case was dismissed. In Mexico, there is no jury trial. It's basically a proceeding on the papers as if there are interrogatories that go out to both sides. They are answered. Testimony is provided, exhibits, and then there's a determination. And so it's very different, and it involves different parties. What are the different parties? Who's missing? Well, in Mexico, he was proceeding against Grupo Omnilife and the individual who owns. Who's missing that's in this case? In other words, who have you not elected not to sue in Mexico that you elected to sue in the United States? In Mexico, the primary difference is Omnilife USA, the respondent who is before you today. Did you raise any issues with respect to that in the district court? Yes. The fact that here we were proceeding against an American entity, a Texas corporation, and the reason being when my client negotiated the contract to serve as CEO of the Omnilife entities, he specifically requested that the employer and the entity on the paychecks be Omnilife USA. And this is in the record and in our briefs. He wanted that protection so that if he did have to chase after his money, his salary, he could do it here in the United States. And that was a specific term that he bargained for and received. And he was to split his time both in Los Angeles and in Guadalajara, Mexico. And as you know, he started work under this contract and then he was terminated. So the lawsuit here is a very straightforward tort and contract case. Breach of contract for salary owed under the contract and fraud with respect to luring him away from another company to take this job and then the fraudulent misrepresentations that were not honored. So here we have a straightforward contract and tort case. In Mexico, we have a wage claim, if you will. And it's the same as if a litigant here were to file a wage claim with the California Labor Commissioner and then file a claim for wrongful termination in court. There may be the same parties. The issues may overlap. Some of the remedies may even overlap so that there would have to be an offset in one of the jurisdictions. But there are differences. And when you're talking about contract damages that exceed $3 million, and I applaud Mr. Gonzalez for pursuing those remedies in both jurisdictions, he certainly knew that there were going to be problems, which is why he negotiated for OmniLifeUSA to be the employer. Are all parties in the Texas action challenging service? In the Mexico action, Your Honor? That, no. At least one of the group of OmniLife defendants has appeared and the case is proceeding there. And is that the parent company? I don't believe so, I believe. And I know that Respondent's Counsel may be able to speak more to that. I know that one of the attorneys handling the Mexico case is in the courtroom this morning, so I would defer to my opposition. They may have more knowledge and insight as to those, and I trust them in that regard. But I do know that the latest information I can provide to you is that there is a proceeding tomorrow in Mexico with respect to a challenge on service issues, even though these matters are now almost five years old. So I'm still, the district court made findings about foreign nonconvenience and explicitly found that the weight of the case clearly was in Mexico. You're saying, well, there's some differences in parties and maybe theories. Mr. Moreno is the master of his complaint. He may have done a prudent thing in pursuing relief in both jurisdictions. But what's wrong with the district court's order, then, that says there's an appropriate forum that's being pursued in Mexico? There's one issue, Your Honor, and it's the sole issue that I bring before you today, and that is the threshold test as to whether the OmniLife defendants were amenable to process in Mexico and whether they would consent to jurisdiction in Mexico. And the district court erred by determining that the answer to that question was yes, that they would consent to jurisdiction. And she noted in her order in footnote one that although they did not consent to jurisdiction, she assumed that they would consent to jurisdiction there based on the arguments they were raising, primarily that Mexico was an adequate alternative forum. What the district court should have done is the district court should have either conditioned the dismissal  which is the order in Ceramic Corporation of America, or in two recent cases that I'd like to discuss with you in my time this morning. And that didn't happen. Is that error, or is that just a matter of discretion? I believe it is error. It is reversible error. It's an abuse of discretion because of the fact that we find ourselves in the position here now where OmniLife played the litigation equivalent of a shell game by challenging jurisdiction in both forums. Had the district court known that OmniLife, and I speak of OmniLife USA, had she known that there was going to be a challenge in Mexico to jurisdiction, we can safely say that she would not have dismissed this case. Perhaps the order either would have been to deny the motion or the alternative middle ground, which is to stay the action pending the disposition of the case in Mexico. And what I would ask this court to do today is to reverse and for reconsideration as to whether the case should be stayed pending the disposition in Mexico or simply allow this case to proceed because it is against a different party and seeks different remedies. The second point I wanted to raise is that there are two recent cases which do support our position on this appeal. One of them I assume is Gutierrez. Yes. Thank you, Your Honor. Mr. Gutierrez versus Occidental. It's often helpful to, although we are aware of the case, to file 28J letters to bring new cases to the attention of the court and counsel. My apologies, Your Honor, for not filing that letter. Gutierrez, it's from the Ninth Circuit. It deals with similar issues. Also, the plaintiffs were Mexican nationals. I know that an issue here is as to whether California was the appropriate forum because Mr. Gonzalez is a Mexican national. He resides here. He's a property owner here. I think that's a distinction without a difference, especially now in light of Gutierrez, which was published last year, and there the court did find that the case belonged here. And procedurally, the posture was very similar. Were there intervening events that compelled reconsideration? There were, but in this case, there are two lawsuits brought by Mr. Moreno. That was not the fact pattern in Gutierrez, was it? It actually was. In Gutierrez, while the Ninth Circuit appeal was pending, the Mexican court ruled that it lacked jurisdiction. So there were two simultaneous proceedings. I think the only issue there was actions brought by the same plaintiff. The Gutierrez plaintiffs, yes, exactly. All right. The only issue is timing. There, the Mexican case was filed after the appeal here was pending. But that was the intervening event that compelled reconsideration because the case was filed in Mexico, and while this appeal was pending, the Mexican court ruled that it lacked jurisdiction, thereby leaving him without a remedy. Now, if the Mexico appellate court hadn't ruled and restored my client's case to the active docket, I think I'd have a stronger argument. Then we'd be exactly like Gutierrez and also like the Carajano case, K-A-R-I-J-A-N-O, which is another case, almost identical. It's 643 F. 3rd, 1216, where the Ninth Circuit again hailed that it was error to dismiss a case for foreign nonconvenience when we found out the case would be time-barred in the alternative jurisdiction in Peru. And in both cases, the Ninth Circuit held that it was error by failing to place mitigating conditions on the dismissal. And that's the sole issue that I'm raising in this appeal, that this Court erred by not either imposing mitigating conditions or my request would be that it be reversed so that the cases stay pending. Why don't we hear from the defendants and see what they have to say. Yes, Your Honor. Thank you. Counsel, are Gutierrez and Carajano surprise cases to you? They are, Your Honor, but based on the tone of the discussion this morning, I believe it is. Let me have you introduce yourself. I just wanted to make sure I didn't forget that question. Thank you, Your Honor. May it please the Court, my name is Raul Salinas, and I represent the appellee and defendant Omnilife USA, Inc., a Texas corporation. I'm present here with Matthew Hansen and Patrick Cathcart from our firm, and also present in the courtroom is the attorney handling the litigation in Mexico, Juan Jose Artgenado. My presentation this morning is really intended to cover four points, as well as the points raised by this Court to my opposing counsel. The four points are that the decision before the Court today is to be reviewed on an abuse of discretion. As this Court has ruled in prior cases, it's an uphill battle for the defendant. You are not familiar with Gutierrez and Carajano? Well, Your Honor, I am not familiar with them, but I will tell you a little bit about what is happening in the Mexico Court because I think it's – It would be useful if you knew, and it's not your – well, I don't know whether it's your fault or not. We were able to find the cases. But it does – there are both decisions of this Court which clearly say that if there are circumstances where it's unclear as to whether the foreign action will in fact proceed, then the appropriate remedy or ruling of the district court is to dismiss with conditions, as opposed to an outright circumstance. Now, in this case, at the time that the dismissal order was entered, the Court knew of the Mexican action, obviously, but did specifically make some assumptions in the footnote that counsel referenced, and those assumptions do not appear to have been validated by subsequent events in terms of defendant's cooperation. Your Honor, that's not my client's position. I believe that the representations that have been made to this Court about what transpired in Mexico are being taken out of context. First of all, in the California action, this action, there were four corporations named plus the head of the corporation, Mr. Vergara. In the Mexico action, they named three corporations, and they also named an additional corporation that does not exist, Omni – it's not Omni Life Humana, but just Omni Humana. There was supposed to be a hearing in January in which the parties were to present evidence, but that matter, that hearing has been continued to August of this year, primarily delayed by the reason of the plaintiff's counsel, Mexico, to not have named the correct defendant, Omni Life Humana versus Omni Humana. In the Mexico court action, there was a dismissal of the administrative tribunal's case, but it was a dismissal not arguing that Mexico did not provide an adequate jurisdiction, but rather that this tribunal in Mexico was not the correct tribunal in Mexico to hear it. Why is that? It's because in Mexico there's a constitutional requirement, there's a federal law requirement that contracts outside of the country be in writing, pursuant to Article 28. In the administrative tribunal, the court erroneously determined that the failure of Mr. Moreno to present evidence of that written contract meant that the case should not be before the tribunal. On appeal by a Mexico appellate court, they reversed that decision, finding that for purposes of determining whether or not there was proper jurisdiction in that particular tribunal, the court did not need to get into the issue of whether or not there was a written agreement. The existence of a written agreement, according to the federal appellate court, would be a matter decided on the merits at a later proceeding. Presumably, that will occur on August 26th of this year when they take in evidence at that time. Who raised the jurisdictional question in the Mexican court?  All right. And let me read you what Judge Collins' order says, just to remind you. Omnilife USA does not explicitly agree to service of process in Mexico and consent to the jurisdiction of the Mexican courts. However, the court finds that Omnilife USA has so agreed and consented based on the arguments in its papers. We have, Your Honor. We have consented. The proceeding below for the administrative tribunal is akin to a motion for venue. Well, that may be, counsel. That may be. But the working assumption of the district court in issuing her order was not subject to the nuances that you're talking about. She assumed that the Mexican court had jurisdiction.  Well, I don't believe that the court was, in granting the order, limiting the number of defenses or the type of defense that the Mexican corporations could raise in the Mexico court. Well, I don't know what the judge had in her mind, but I know what she said on paper. And looking at the footnote that she said, even though Omnilife didn't explicitly agree, she in capital letters says, I find that Omnilife has agreed to the jurisdiction and won't contest it. Now, the jurisdiction is contested. It may be on legitimate grounds and whatever, but a factual predicate of her ruling turns out to have been changed by subsequent events, which is the subject matter of the two cases that perhaps you would need to review. But in any event, that's the state of our circuit law. Two points I'd like to respond to, if I could, Your Honor. Number one, we have asked that this court take judicial notice of the federal appellate decision. It is exhibit two to our pending motion for judicial notice before this court. It occurred after the granting of the motion in this case. Each of the defendants that have been properly named in Mexico and who were included in the California action have, in fact, submitted to the jurisdiction of the Mexico court. So to that extent, we have complied and we are consistent with the agreement. Counselor, you and I are maybe not understanding each other. I am not faulting the strategy in Mexico. I'm not trying to make a judgment about the good faith or the compliance. All I'm saying is that when the district court exercised her discretion in this case, she made a very explicit finding underlying the exercise of discretion. And would you agree, sir, that's all I'm asking, is that footnote two in her findings did make explicit her assumption that there would be jurisdiction over the litigation that was going to be addressed in Mexico, which provided the adequate alternative forum, not for some other case, but for a case that would essentially cover the same ground that was being presented in the Central District of California? I acknowledge that, Your Honors. What is contained in Judge Collins' order in the footnote, it is a representation by her arguments that were, in fact, made and which continue to this day. Our position is that we believe that we are consistent with that finding. Yes, and I'm saying you may be, but it turns out that the assumption that there's a case that's within the Mexico court's jurisdiction is out there as an alternative forum turns out not to, apparently, be quite true or certainly unresolved. It is resolved, Your Honor. If the Court were to take a look at the Exhibit 2 that is part of our motion, in fact, I have a binder open to the particular page that addresses that issue. The Court has, in fact, ordered jurisdiction, and there is a pending active case, which is being litigated right now, in which in a matter of months will be heard on the merits, including the allegations that are addressed in this complaint, the entitlement to damages based on salary, the entitlement to statutory constitutional protections afforded under Mexican law, which is not in this case, and the payment of a $1 million bonus, which is alleged in both cases, so that the finding made by Judge Collins that there was an adequate alternative forum in Mexico has, in fact, been carried forward. We are in months away from having a argument, excuse me, having the proof heard on that case in Mexico, and that was a problem. Counsel, let me ask you. If Judge Collins had known what was going to happen subsequently, would that not have been a basis for Judge Collins to insert mitigating conditions on the order? Theoretically, Your Honor, it could have been, but I would argue, Your Honor, that there's a difference between what we argued in the Mexico court versus what the administrative tribunal on its own came to its own decision. It turned out that, to reverse the hypothetical, Your Honor, if, in fact, the administrative tribunal in Mexico had kept jurisdiction, as it was ultimately ordered to do by the appeals court, then I don't think that we would be arguing this issue this morning, because, in fact, the jurisdiction was there. The fact is that the administrative tribunal in Mexico got it wrong, and the appellate court decision got it right. That is consistent with our argument here. We are bound by the ruling that will be made in Mexico on this issue. And so what may have transpired in between, the adjudicative nature between the administrative panel and the overturning at the federal appellate level, is, in fact, a nullity. We aren't in court. We are bound by this jurisdiction. Each of the defendants who were named in the Mexico case and who were named in this case have submitted to the jurisdiction of the Mexico court. As I read what happened in Mexico, the appellate court did not order the lower court to retain jurisdiction. It ordered the lower court to allow evidence to be presented on the issue. Are you telling me that evidence has been presented on the issue and it's been resolved and they are retaining jurisdiction, and the question now is whether or not they can get service on some of these folks? Yes, Your Honor. The court, and I can read from the court ruling if you'd like, but I will attempt to paraphrase it, what the appellate court said was that the plaintiff there did not have to submit a written agreement, which was the sole basis for knocking the case out. Because under Article 28 of the Federal Labor Act in Mexico, certain formalities are required of a person who is a Mexican national working abroad. And the tribunal there found that those formalities had not been met, and because no written agreement had been presented, the court lacked jurisdiction. That was erroneous. Now, it may be that the court decides that there's no contract in Mexico because certain formalities have not been met, but that doesn't go to the issue of jurisdiction. That tribunal will decide whether or not, in fact, a contract that was negotiated, executed, signed, performed in Mexico is valid under Mexican law. And to that extent, you know, Mexico does provide an alternative adequate form. It is a live case, Your Honor. So seeking a proceeding in both fora, as the plaintiff did in this particular case, are you suggesting that that was a strategy that backfires? Totally, Your Honor. Totally. Because in this particular case, unlike what I suspect occurred in the other case, the plaintiff filed this case really before this Court is really nothing more than a placeholder lawsuit to see what might happen in Mexico. October 24, 2007 is when a state court complaint gets filed in California. We remove it, and it gets before Judge Collins. Two days later, 48 hours after the state court complaint is filed, the Mexico action is filed. So essentially, the two actions are filed concurrently. They are launched at the same time on both sides of the border. Now, in this particular case, what I believe weighed heavily in the district court's decision was the failure of Mr. Moreno to conduct any discovery whatsoever. As the Court noted, the discovery deadline passed silently into the night without a single interrogatory being propounded, a document demanded, a deposition taken or noticed in the case. This was, for all intents and purposes, a placeholder lawsuit. It was not seriously presented or litigated in this particular case. I would like to hear you comment on the timeliness of the motion. Yes, Your Honor. The Ninth Circuit, to my knowledge, has not taken a position as to at what point in time a waiver occurs. There is the American Home Insurance case, a district court case out of San Diego, which finds that this is a jurisdictional motion which cannot be waived. We filed the motion timely, within the period of time afforded by the deadlines imposed by the Court, and we asserted these various defenses. There's about six or seven affirmative defenses raising choice of law, form, et cetera, in the answer that was filed in the Federal Court. So no prejudice. They knew it from the get-go, and as a result, we don't believe that we waived it. The Court took into account that there had been no action taken. There's no prejudice, unlike the other cases that are being cited here. In conclusion, Your Honor, I'd like to say that I can't imagine a case that is more suitable to a form non-convenience motion than this one. The appellant simultaneously pursued his rights in both cases. The Mexico court, the highest level, a court not dissimilar from this one at the Federal appellate level, has already determined that Mexico is the proper case to hear this matter. We are months away from presenting evidence in that matter. And this contract involves individuals, all of whom, with the exception of the plaintiff, reside in Mexico. And all of the salary compensation issues are before the Mexican court. That's correct, Your Honor. All right. Thank you very much. Thank you for your time. Appreciate your argument. Counsel? Thank you, Your Honor. That's why you filed 20 A.J. letters, so the other side knows what cases you're going to cite and rely on. Yes, Your Honor. And I found the Gutierrez and Correjano case in the Daily Journal, as far as just I'm going to argue them it's helpful to let the opposing counsel know that. Yes, Your Honor. I think in whatever we need to do in that regard, I'm open to it. Well, that's sort of water under the bridge. Okay. Why don't you respond to his argument that, in fact, the assumption that Judge Collins made is, for all practical purposes, correct, and that there is a pending litigation that will provide relief or deny relief on the very issue that's the primary issue in this case? I believe what is clear now is that the issues in Mexico are unresolved. They may be. They were unresolved when Judge Collins entered her order. But at that point, the only condition she was concerned about, that there was a pending viable Mexican action within the jurisdiction of the court, and the representation is there is. But after that order was made and after that footnote comment was made, one of the omni-life defendants did challenge jurisdiction. That may be. But, you know, that's also water under the bridge. Are you quarreling with the representation that the Mexican court now, through its appellate process, is proceeding to the merits of the claim that you filed in Mexico? I'm quarreling with part of that, and the reason being is that we did just hear that one of the defendants there is still challenging service. We don't know if we have all the parties to the case. Well, that may be service. Is that someone that's going to prevent your client from recovering if he prevails? That's an issue that is still unresolved, and therefore it would have been proper for the district court in this case to stay this case. There was a comment made about the judge below relying on the status of discovery. We had, of course, made our initial disclosures. We had, of course, exchanged the contract itself. This is a very simple, straightforward breach of contract case. Had this case gone to a trial, you imagine there would have been a handful of witnesses testifying about the intent behind one employment contract that was exchanged via e-mails, and there would have been two or three witnesses. This was not a case, unlike many that come before you, this case was very simple and would have been very straightforward, so there was not a need to go out and do broad discovery. I don't necessarily think that the status of discovery was a big factor. I think the threshold test was whether Omnilife would consent to jurisdiction in Mexico, and what happened after that ruling is that Omnilife said no. They tried to attack jurisdiction in both cases. So I don't think the plaintiff's strategy backfired. I think, basically, plaintiff was simply looking for the adequate forum to try his case, recognizing it may be Mexico, it may be the United States. But at one point he was... Counsel, since you're nicely familiar with Gutierrez, do you think that you've lost the benefit of Gutierrez by voluntarily seeking jurisdiction in Mexico? No, because in Gutierrez there was also a pending Mexico case. So my answer is no. And, again, there are different remedies. There was some overlap, but there are different remedies and different procedures. And, ideally, my client would have prevailed in both cases. But at one point, while this appeal was pending, he had no forum to turn to. And because of that, the district court erred by dismissing this case. Counsel, in the conclusion of Judge Collins' order, she has her second reason. The lack of evidence leads the court to wonder whether Moreno has been actively pursuing this case at all. It turns out he has not. Moreno has not propounded any discovery whatsoever, has not engaged in any motion practice, and has only served one of the five defendants. That sounds like it was something on her mind. It's one of two reasons she gave for her conclusion. I believe it was a secondary reason. And I would make the same argument I just raised, which is that the explanation, of course, is that both sides have the contract. Well, I'm just responding to your assertion that it didn't seem to matter much to the district court. I acknowledge it did. I just believe it was a secondary issue. And she did rely heavily on her threshold determination that Mexico would be an adequate forum because the parties would go there voluntarily. And that didn't happen. Okay. Thank you. One question you didn't, at least I didn't understand your answer. Judge Fisher asked whether there was anyone who had not been, not before the Mexican court. And the question was, was that person essential to your case in Mexico? It's not essential to the case in Mexico. It's essential to this case. And that's OmniLifeUSA. Okay. All right. Thank you, counsel. We appreciate the argument. It's an interesting case. And Moreno v. OmniLifeUSA is submitted.
judges: Gritzner, Noonan, Fisher